UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EASTERN SAVINGS BANK, FSB,

                Plaintiff,                    **ORDER**
                                                              **11 CV 1543 (ENV)(LB)**

            -against-

PETER K. STREZ, CATHERINE A. STREZ,
*also known as Catherine A. Kelley*, CITY OF
NEW YORK ENVIRONMENTAL CONTROL
BOARD, and JOHN DOE #1 THROUGH
JOHN DOE #12,

                Defendants.
-----------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

      The Court held the initial pretrial conference in this diversity case on May 2, 2012. Plaintiff's counsel, Jerold C. Feuerstein, failed to appear. The Court's Scheduling Order was electronically served upon Mr. Feuerstein on March 14, 2012. In fact, the Court's records reflect that Mr. Feuerstein received notice of the May 2, 2012 conference through *three* Court Orders. Mr. Feuerstein did not contact defendants' counsel or the Court to request an adjournment of the conference. Defendants' counsel timely appeared for the conference and, at the Court's request, attempted to contact Mr. Feuerstein without success. After keeping defendants' counsel waiting for forty-five minutes, the Court called the case and allowed defendants' counsel to leave. On the record, the Court directed Mr. Feuerstein to show good cause why the Court should not personally sanction him pursuant to Fed. R. Civ. P. 16(f) in the amount of $300 to be paid to defendants' counsel for his failure to appear at the May 2, 2012 conference.

      Rule 16(f) of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may issue any just orders . . . if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference." Fed. R. Civ. P. 16(f)(1)(A). "[T]he court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of

any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). "[A]ny fees awarded [under Fed. R. Civ. P. 16(f)] must be related to the expenses incurred as a result of the sanctioned misconduct . . . [and] the sanction should be no more severe than is necessary to deter the party against whom it is imposed." Uretsky v. Acme Am. Repairs, No. CV–07–4688 (DLI), 2011 U.S. Dist. LEXIS 32255, at *2-3 (E.D.N.Y. Mar. 28, 2011) (citations omitted).

Before the Court issued its Order to Show Cause in writing, Mr. Feuerstein wrote to explain his "inadvertent and unintentional failure to appear" at the conference. (Docket entry 26.) Mr. Feuerstein states that "[d]ue to a clerical error, the scheduling conference was not properly calendared by our firm." (Id.) Mr. Feuerstein apologizes to the Court and defendants' counsel for his failure to appear. The Court accepts Mr. Feuerstein's apology, but his failure to appear is nonetheless unacceptable. Although Mr. Feuerstein's failure to appear was unintentional, defendants should not have to bear the expense of Mr. Feuerstein's mistake. Mr. Feuerstein shall personally pay a reduced sanction of $150 to defendants' counsel, Jaime Lathrop, by May 9, 2012, and file proof of payment with the Court by that date.

Insofar as plaintiff requests that the Court re-schedule the initial conference (docket entry 26), plaintiff's request is granted. The Court shall hold the initial conference on May 23, 2012 at 1:30 p.m. in Courtroom 11A. If Mr. Feuerstein fails to timely appear for the conference on May 23, 2012, the Court shall recommend that this action should be dismissed under Fed. R. Civ. P. 16(f) and 37(b)(2)(A)(v).

SO ORDERED.

                                                               _____/S/_____
                                                               LOIS BLOOM
                                                               United States Magistrate Judge

Dated: May 4, 2012
       Brooklyn, New York