Jaime Lathrop, Esq. (JL-4215)
641 President Street Suite 202
Brooklyn, New York 11215
Telephone: (718) 857 – 3663
Fax:      (718) 857 – 3665

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EASTERN SAVINGS BANK, FSB,                Civil Action No: 11-cv-01543-ENV

                               Plaintiff,           **AFFIRMATION**
                                                    **IN OPPOSITION**

-against-

PETER K. STREZ, CATHERINE A. STREZ,
A/K/A CATHERINE A/ KELLEY, CITY OF
NEW YORK ENVIRONMENTAL CONTROL
BOARD; and John Doe #1 through #12, the
last twelve names being fictitious and unknown
to plaintiff, the person or parties intended being
the tenants, occupants, persons, or corporations,
if any, having or claiming an interest upon the
premises described in the Complaint,

                                 Defendants.
------------------------------------------------------------X
STATE OF NEW YORK    }   ss:
COUNTY OF KINGS      }

    JAIME LATHROP, Esq., an attorney duly licensed to practice law before the courts of the State of New York as well as the United States District Court, under penalty of perjury, affirms as follows:

    1.    I am the attorney for the Defendants PETER K. STREZ and CATHERINE A. STREZ. I make this affirmation in opposition to Plaintiffs' motion

for summary judgment. I am fully familiar with the facts and circumstances of this matter.

2. Summary judgment is only appropriate where the moving party, upon the papers and proof submitted, establishes a prima facie case, and the opposing party fails to set forth evidentiary facts demonstrating that a triable issue of material fact exists with respect to a bona fide defense. Friends of Animals, Inc. v. Associate Fur Mfrs., Inc., 46 N.Y.2d 1065 (1974); S.J. Capelin Assocs., Inc. v. Globe Mfg. Corp., 34 N.Y.2d 338 (1974); Zimmerman v. Tarshis, 300 A.D.2d 477, 478 (2d Dept. 2000); Dougherty v. Kinard, 215 A.D.2d 521 (2d Dept. 1995). It is respectfully submitted that the movant has not established its prima facie case. Specifically, the papers, exhibits, and affidavits submitted do not establish that plaintiff provided a notice of default as required by the terms of the mortgage.

3 Pursuant to paragraph 20 of the mortgage executed by the parties (annexed as Exhibit B of plaintiffs motion), the Lender may require immediate payment in full of the loan only if the Lender sends to the Borrower a notice that states, among other things, the following information

      i. The promise or agreement that [the Borrower] failed to keep;

      ii. The action that [the Borrower] must take to cure the default;

      iii. A date by which [the Borrower] must correct the default. That date must be at least 10 days from the date on which the notice is mailed to [the Borrower].

4. The acceleration notice used as a condition precedent to commencing this proceeding is dated December 8, 2010. The first paragraph asserts that " you

have failed to deliver your scheduled payments for the months of May, 2010 through December, 2010 and currently there is an outstanding balance . . . in the amount of $42,200.26 owed to you by Eastern."

5.  The second paragraph states: "By reason of the foregoing, if this firm fails to receive payment from you in the amount of $42,000.26, plus reimbursement of Eastern's attorney's fees and costs of the amount of $300.00 within thirty (30) days from receipt of this letter, which is January 12, 2011, the entire unpaid balance under this Security Instrument and Note may be accelerated and become owing and due in full to Eastern."

6.  By its own words, plaintiff has not made clear whether $42,000.26 is due by January 12, 2011 or $42,300.26 on or before January 12, 2011.

7.  The next line creates more confusion: "If payment is not received by the 1st day of January, 2011, the January payment will be due as well". The amount of the January payment appears nowhere in the letter.

8.  The paragraph continues: "Additionally, if payment is not received by December 15, 2010, a late charge, if applicable, will be due to Eastern Savings Bank, fsb." The notice does not specific the amount of the late fee.

9.  The penultimate paragraph of the acceleration notice states in bold: **"All payments shall be made in certified funds and shall be delivered to Kriss & Feurstein and not to Eastern. Any additional payments becoming owing and due within the thirty (30) days from the receipt of this letter, which is January 12, 2011, will be accepted by Eastern and should be remitted with the amounts demanded**

herein; **<u>however, the loan may be accelerated unless the entire sum due and owing is paid as set forth herein.</u>**"

10. To review, plaintiff demanded a sum certain, which did not include a sum certain for legal fees, and may or may not contain a late fee of an unspecified amount, which, depending upon receipt of payment to a third-party unspecified in the Mortgage, may or may not include an unspecified January payment, whereby the Defendants were apprised that unless "the entire sum owing and due is paid as set forth herein", the loan may be accelerated regardless.

11. As outlined in the accompanying memorandum of law, Plaintiffs notice does not constitute a clear and unequivocal directive towards the minimum amount Defendants would have had to pay in order to correct the default and avoid the acceleration of the note. On the contrary, Plaintiffs notice ambiguously gave a range of possible charges which may or may not accrue without providing notice of what those amounts may be and instead advised Defendants that all sums tendered would be accepted without a guarantee that the default would be cured, negating the purpose of paragraph 20 of the mortgage.

7. Plaintiff also seeks to strike Defendant's Verified Answer. The grounds that Plaintiff would rely on for doing so are that they consist of six (6) vague, conclusory and self-serving Affirmative Defenses and four (4) similarly meritless Counterclaims . . . ". Aff. of Jerrold Feurstein at 2. A statement that there are no defenses to a cause of action does not serve to defeat any defenses to

that action, no matter how inconsequential they are. The Appellate Division, Second Department recently stated:

> A party may move to dismiss a defense "on the ground that a defense is not stated or has no merit" (CPLR 3211 [b]). "In reviewing a motion to dismiss an affirmative defense, the court must liberally construe the pleadings in favor of the party asserting the defense and give that party the benefit of every reasonable inference" (Fireman's Fund Ins. Co. v Farrell, 57 AD3d 721, 723 [2008]; see Greco v Christoffersen, 70 AD3d 769, 771 [2010]). "[I]f there is any doubt as to the availability of a defense, it should not be dismissed" (Fireman's Fund Ins. Co. v Farrell, 57 AD3d at 723; see Becker v Elm A.C. Corp., 143 AD2d 965, 966 [1988]).

Chestnut Realty Corp. v. Kaminski, 95 A.D.3d 1254 (2d Dept. 2012).

8. In its Verified Answer, Defendant raised the issue in its Sixth Defense that the notice of default was defective. Given that a party is not required to lay bare its entire proof in a pleading, Defendants sixth defense contains a valid defense to this proceeding. Furthermore, as Plaintiff has merely stated in a conclusory fashion that "Defendants do not have a legally cognizable defense to this foreclosure action with merit" that a counterclaim based under the Access to Justice in Lending Act should not lie. Plaintiff does not otherwise dispute that if Defendants prevailed on the notice defense that the proceeding should be dismissed as a necessary condition precedent, and it should be deemed that Plaintiff concedes that Defendants would be entitled to their attorney's fees after a hearing.

**WHEREFORE**, Defendant requests an order denying Plaintiff's motion for summary judgment, denying Plaintiff's motion to strike Defendant's denials and affirmative defenses, together with such other and further relief as this Court may deem just and proper.

Dated: October 25, 2012
Brooklyn, New York

_s/ Jaime Lathrop_
By: JAIME LATHROP, Esq. (JL-4215)
Attorney for Defendants
PETER K. STREZ and CATHERINE A. STREZ
641 President Street, Suite 202
Brooklyn, New York 11215
Tel: (718) 857-3663

Jaime Lathrop, Esq. (JL-4215)
641 President Street Suite 202
Brooklyn, New York 11215
Telephone: (718) 857 – 3663
Fax:         (718) 857 - 3665

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

EASTERN SAVINGS BANK, FSB,                    Civil Action No: 11-cv-01543-ENV

                            Plaintiff,

       -against-

PETER K. STREZ, CATHERINE A. STREZ,
A/K/A CATHERINE A/ KELLEY, CITY OF
NEW YORK ENVIRONMENTAL CONTROL
BOARD; and John Doe #1 through #12, the
last twelve names being fictitious and unknown
to plaintiff, the person or parties intended being
the tenants, occupants, persons, or corporations,
if any, having or claiming an interest upon the
premises described in the Complaint,

                            Defendants.
-------------------------------------------------------------------X

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS MOTION FOR SUMMARY JUDGMENT PURSUANT TO F.R.C.P. 56(a)

                                        JAIME LATHROP, ESQ.
                                        641 President Street Suite 202
                                        Brooklyn, New York 11215

                                        By:   /s/Jaime Lathrop, Esq
                                        Jaime Lathrop, Esq. (JL-4215)
                                        Attorneys for Defendants
                                        Peter K. Strez and Catherine Strez

## PRELIMINARY STATEMENT

Defendants Peter K. Strez and Catherine A. Strez ("Defendants") respectfully submits this memorandum of law in opposition to Plaintiff's motion for Summary Judgment pursuant to Fed. R. Civ. P Rule 56(a) and for an Order striking the Affirmative Defenses pursuant to Fed. R. Civ. P. Rule 12(f) and dismissing the Counterclaims set forth in Defendants Amended Answer.

This is an action in foreclosure alleging that a notice of default was sent to the borrowers accelerating the note. Defendants do not dispute Plaintiffs Statement of Material Fact nor dispute the facts set forth in the affidavit of Terry Brown as set forth in Plaintiffs submission. However, Plaintiffs failed to offer any evidence on personal knowledge or in admissible documents which would rebut Defendants Sixth Affirmative Defense that the notice did not contain the express language required to declare a default which would result in the acceleration of the note, and as this predicate notice was defective, as a condition precedent to accelerating the note, the proceeding was improperly commenced, and as such constitutes a valid defense to the proceeding. Furthermore, as Plaintiffs opposition to Defendant's Fourth Counterclaims for reasonable attorney fees under the Access to Justice in Lending Act of 2012 is based merely on their opinion that there are no valid defenses to this action, in light that a valid defense has been raised, Defendants have implicitly conceded that if a viable defense is raised and the proceeding is adjudicated in Defendant's favor, Defendants would be entitled to reasonable attorney's fees from Plaintiff.

## PLAINTIFFS ACCELERATION NOTICE DID NOT CONTAIN A CLEAR AND UNEQUIVOCAL CURE TO DEFENDANTS DEFAULT

Within the terms of the mortgage proffered by Plaintiffs (Plaintiff's Exhibit B), in order to declare the note in default, pursuant to paragraph 20 executed by Defendants, the Lender may require immediate payment in full of the loan only if the Lender sends to the Borrower a notice that states, among other things, the following information

    i.    The promise or agreement that [the Borrower] failed to keep;

    ii.    The action that [the Borrower] must take to cure the default;

    iii.    A date by which [the Borrower] must correct the default. That date must be at least 10 days from the date on which the notice is mailed to [the Borrower].

The acceleration notice used as a condition precedent to commencing this proceeding is dated December 8, 2010. The first paragraph asserts that " you have failed to deliver your scheduled payments for the months of May, 2010 through December, 2010 and currently there is an outstanding balance . . . in the amount of $42,200.26 owed to you by Eastern."

The second paragraph states: "By reason of the foregoing, if this firm fails to receive payment from you in the amount of $42,000.26, plus reimbursement of Eastern's attorney's fees and costs of the amount of $300.00 within thirty (30) days from receipt of this letter, which is January 12, 2011, the entire unpaid balance under this Security Instrument and Note may be accelerated and become owing and

due in full to Eastern." By its own words, plaintiff has not made clear whether $42,000.26 is due by January 12, 2011 or $42,000.26 on or before January 12, 2011.

The next line creates more confusion: "If payment is not received by the 1st day of January, 2011, the January payment will be due as well". The amount of the January payment appears nowhere in the letter. The paragraph continues: "Additionally, if payment is not received by December 15, 2010, a late charge, if applicable, will be due to Eastern Savings Bank, fsb." The notice does not specific the amount of the legal fee. The penultimate paragraph of the acceleration notice states in bold: **"All payments shall be made in certified funds and shall be delivered to Kriss & Feurstein and not to Eastern. Any additional payments becoming owing and due within the thirty (30) days from the receipt of this letter, which is January 12, 2011, will be accepted by Eastern and should be remitted with the amounts demanded herein; however, the loan may be accelerated unless the entire sum due and owing is paid as set forth herein."**

To review, plaintiff demanded a sum certain, which did not include a sum certain for legal fees, and may or may not contain a late fee of an unspecified amount, which, depending upon receipt of payment to a third-party unspecified in the Mortgage, may or may not include an unspecified January payment, whereby the Defendants were apprised that unless "the entire sum owing and due is paid as set forth herein", the loan may be accelerated regardless.

The case which best illustrates the fatally defective nature of Plaintiff's predicate notice is <u>Wells Fargo, N.A. v. Cullen</u> 2010 NY Slip Op 31983 (Sup. Ct,

New York Cty). In Cullen, despite having proved the defendant's default, the Court denied the lender plaintiff's motion for summary judgment and granted defendant borrower's motion to dismiss. The Court found that the notice of default provided for three different amounts that were owing and due, with different due dates for the amounts demanded, explicitly finding that the amounts demanded and the due dates to be ambiguous.

The Court stated in Cullen:

> "Thus, this part of the notice specifies two separate amounts that must be paid on two separate dates to avoid the default, and the first of those two payments ($11,151.53) must be made by April 30, a deadline undeniably less than 30 days from the April date of the notice. In sum, the notice fails to clearly and unequivocally advise the Borrower of the minimum amount she must pay to correct the default and avoid the acceleration of the loan, and it fails to clearly explain that the Borrower has a full thirty days to pay. In light of the following, no need exists to address the other issues raised by the parties."

Cullen, at 4-5.

## CONCLUSION

A comparison of the circumstances regarding the amounts demanded in the acceleration note in <u>Cullen</u> with the comparison of the instant case reveals that they both contain ambiguous and conflicting statements which do not provide a clear solution for the Borrowers to cure an alleged default, in contravention of the express terms of the mortgage. As the acceleration letter is a condition precedent to commencing an action in foreclosure, if the Court found that the notice was ambiguous and did not provide direction as how to cure a default, it would constitute a complete defense to Plaintiffs complaint. As such, summary judgment should be denied as to Defendants Sixth-affirmative defense and Fourth Counterclaim.

Dated:      October 26, 2012

/s/Jaime Lathrop
Jaime Lathrop