Jerold C. Feuerstein, Esq. (JCF-9829)
360 Lexington Avenue, Suite 1200
New York, New York 10017
Telephone: 212-661-2900
Facsimile: 212-661-9397

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X   Civil Action No. 11-1543
EASTERN SAVINGS BANK, FSB.                                   :
                                                             :
                          Plaintiff,                         :
                                                             :   **REPLY AFFIRMATION IN FURTHER**
         -against-                                           :   **SUPPORT OF PLAINTIFF'S MOTION**
                                                             :   **FOR SUMMARY JUDGMENT AND**
PETER K. STREZ, CATHERINE A. STREZ A/K/A                     :   **OTHER RELIEF**
CATHERINE A. KELLEY, CITY OF NEW YORK                        :
ENVIRONMENTAL CONTROL BOARD, and                             :
"JOHN DOE #1 through JOHN DOE #12", the last                 :
twelve names being fictitious and unknown to                 :
plaintiff, the persons or parties intended being the         :
tenants, occupants, persons or corporations, if any,         :
having or claiming interest upon the premises                :
described in the Complaint,                                  :
                                                             :
                          Defendants.                        :
---------------------------------------------------------------X

    **JEROLD C. FEUERSTEIN**, the undersigned, an attorney duly licensed to practice law before the Courts of the State of New York, as well as the United States District Court, Eastern District of New York, does hereby affirm under penalty of perjury:

    1.    I am a partner at the law firm of Kriss & Feuerstein LLP, the attorneys of record for the Plaintiff EASTERN SAVINGS BANK, FSB ("**Eastern**" and/or "**Plaintiff**"), and as such, am familiar with the facts of this case and the proceedings heretofore had herein.

    2.    I submit this Affirmation in Reply to defendants-mortgagors Peter K. Strez's and Catherine A. Strez a/k/a Catherine A. Kelley's ("**Defendants**") Opposition to (the "**Opposition**"), and in further support of, Plaintiff's Motion for an Order: (i) granting Summary Judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure; (ii) striking the Answer

1

and Defenses of Defendants and dismissing the Counterclaims contained therein; (iii) amending the caption of this matter excising defendants, "JOHN DOE #1 through JOHN DOE #12", from the caption; (iv) defaulting those certain non-responding defendants, namely defendant City of New York Environmental Control Board; and (v) for such other and further relief as this Court deems just and proper(collectively, "**Plaintiff's SJ Motion**").

3. Any term not specifically defined herein shall have the meaning set forth in the Affirmation in Support of Plaintiff's Motion for Summary Judgment.

## DEFENDANT'S OPPOSITION DEFINITIVELY FAILS IN THE FACE OF THE DOCUMENTARY EVIDENCE HERETOFORE PRESENTED

4. Defendants claim that the 30-day notice of acceleration sent by Plaintiff on December 8, 2010, in accordance with the terms of the Note and Mortgage (the "**30-Day Acceleration Notice**"), is too ambiguous to have put Defendants on notice as to how to cure the Default. A copy of the 30-Day Acceleration Notice is attached to the Plaintiff's SJ Motion as *Exhibit "C"*.

5. First, with respect to the thirty (30) day cure period, Plaintiff provides in the 30-Day Acceleration Letter a date certain (January 12, 2011) that is more than thirty (30) days after the date of the 30-Day Acceleration Letter (December 8, 2010). Thus, it cannot be said there was any confusion as to the cure period within which Defendants had to cure their Default, which was greater than thirty (30) days.

6. Notwithstanding the 30-Day Acceleration Notice, in point of fact, this action was not commenced, and acceleration of the subject loan did not occur, for another ninety (90) days following the end of the 30-day cure period in the 30-Day Acceleration Notice, providing Defendants with plenty of additional time to cure the Default.

7.      Regarding the amounts due to cure the Defendants' Default, Plaintiff explicitly presented the sum certain - $42,006.26 – due as of the date of the 30-Day Acceleration Notice, being December 8, 2010.  Plaintiff also provided in the 30-Day Acceleration Letter that $300.00 was due separate and apart from the $42,006.26 sum certain as compensation for preparation and sending the 30-Day Acceleration Letter to Plaintiff's attorneys.

8.      At the time the 30-Day Acceleration Notice was sent (December 8, 2010), the January 1, 2011 monthly payment was not yet due and owing, however it was possible that it would become due during the 30-day cure period.  It was also possible that another late fee would become due during such 30-day cure period (on December 16).

9.      It is disingenuous for Defendants to feign ignorance as to the amounts of such additional sums, as Defendants could easily refer to the 90-day notice of default sent by Plaintiff on October 6, 2010, in accordance with the terms of the Note and Mortgage, and in accordance with RPAPL §1304(1) (the "**90-Day Default Notice**"), to determine the added amounts due.  A copy of the 90-Day Default Notice is also attached to the Plaintiff SJ Motion at *Exhibit "C"*.

10.     Footnote 1 to the 90-Day Default Notice states the amount of the monthly payments under the Note and Mortgage, being the sum of $4,360.15, as well as the exact late payment fee in connection with any monthly payment, being the sum of $218.01.

11.     In support of their Opposition, Defendants rely on the unpublished decision Judge Alice Schlesinger in the Supreme Court of the State of New York, County of New York, entitled Wells Fargo Bank, NA v. Cullen, 2010 Slip Op 31983.  First, it must be noted that a primary factor in Judge Schlesinger's decision in Cullen to dismiss the action based upon the default notice in that case, was the fact that said default notice was <u>not</u> sent to the defendant at her proper address (it was sent generally to a condominium building rather than to the defendant's

specific unit). That is not the case here, and not claimed by Defendants in Defendants' Opposition.

12. Further, the 90-Day Default Notice was not yet required by law at the time of the alleged default in Cullen, and thus there was no such companion default letter in that case (the default notice in Cullen was dated April 2008, and RPAPL §1304 was not made effective until September 1, 2008).

13. For Plaintiff to have included all scenarios and all possible cure amounts due in the 30-Day Acceleration Notice, would have only added confusion. This is exactly what the plaintiff in Cullen attempted to do, which Judge Schlesinger found to be too confusing.

14. Finally, Defendants allege that the 30-Day Acceleration Notice was also ambiguous because it failed to specify Plaintiff's legal fees that were due and owing.

15. In fact, the 30-Day Acceleration Notice states explicitly that the amount due as of the date of the 30-Day Acceleration Notice - $42,006.26 – *includes* prior legal fees. Defendants conveniently leave this phrase out of the quote they take from the 30-Day Acceleration Notice in Defendants' Opposition.

16. Also, the 30-Day Acceleration Notice further explicitly states that Plaintiff's attorneys' fees and costs for preparing and sending the 30-Day Acceleration Notice was $300.00, in addition to, and separate from, the $42,000.26 due as of the date of the 30-Day Acceleration Notice.

17. Therefore, Defendants could easily ascertain the amounts due and owing to cure their Default, depending on when they actually were to pay such amounts, between the two (2) default letters sent by Plaintiff in accordance with applicable law and the terms of the Note and Mortgage.

18. It goes without saying that Defendants do not offer any evidence, or even claim for that matter, that they were ready, willing and able to pay any amount to cure their Default in response to the 30-Day Acceleration Notice.

## PLAINTIFF HAS MADE ITS PRIMA FACIE CASE TO FORECLOSE

19. Plaintiff has stated its prima facie case to foreclose the Mortgage by submitting the Note and Mortgage sued upon in this action, evidence in the form of the Brown Affidavit that establishes Plaintiff's due ownership of the Note and Mortgage now and at the commencement of this action, as well as evidence of the Defendants' Default, also by way of the Brown Affidavit.

20. Therefore, it is abundantly apparent that, as a matter of law, the Plaintiff has stated a cause of action to foreclose the Mortgage and has proved its case, and Defendants' Opposition has failed to set for any basis to deny Plaintiff Summary Judgment in this action.

WHEREFORE, it is respectfully submitted that the Plaintiff's cause of action is sufficiently established and warrants this Court as a matter of law to grant all relief requested in the Plaintiff SJ Motion.


Dated:   New York, New York
         November 6, 2012

                                            /s/ Jerold C. Feuerstein
                                            **JEROLD C. FEUERSTEIN (JCF-9829)**