Jerold C. Feuerstein, Esq. (JCF-9829)
360 Lexington Avenue, Suite 1200
New York, New York 10017
Telephone: 212-661-2900
Facsimile: 212-661-9397

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EASTERN SAVINGS BANK, FSB.

                        Plaintiff,

        -against-

PETER K. STREZ, CATHERINE A. STREZ A/K/A
CATHERINE A. KELLEY, CITY OF NEW YORK
ENVIRONMENTAL CONTROL BOARD, and
"JOHN DOE #1 through JOHN DOE #12", the last
twelve names being fictitious and unknown to
plaintiff, the persons or parties intended being the
tenants, occupants, persons or corporations, if any,
having or claiming interest upon the premises
described in the Complaint,

                      Defendants.
-------------------------------------------------------------------X

Civil Action No. 11-1543

**AFFIRMATION IN OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**

    **JEROLD C. FEUERSTEIN**, the undersigned, an attorney duly licensed to practice law before the Courts of the State of New York, as well as the United States District Court, Eastern District of New York, does hereby affirm under penalty of perjury:

    1.    I am a partner at the law firm of Kriss & Feuerstein LLP, the attorneys of record for the Plaintiff EASTERN SAVINGS BANK, FSB ("**Eastern**" and/or "**Plaintiff**"), and as such, am familiar with the facts of this case and the proceedings heretofore had herein.

    2.    I submit this Affirmation in Opposition to defendants-mortgagors Peter K. Strez's and Catherine A. Strez a/k/a Catherine A. Kelley's ("**Defendants**") Cross-Motion for Summary Judgment to seek an Order dismissing this action (the "**Defendants' Cross-Motion**").

1

3.     Defendants' Cross-Motion is made in response to Plaintiff's Motion for an Order: (i) granting Summary Judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure; (ii) striking the Answer and Defenses of Defendants and dismissing the Counterclaims contained therein; (iii) amending the caption of this matter excising defendants, "JOHN DOE #1 through JOHN DOE #12", from the caption; (iv) defaulting those certain non-responding defendants, namely defendant City of New York Environmental Control Board; and (v) for such other and further relief as this Court deems just and proper(collectively, "**Plaintiff's SJ Motion**"), which motion was fully submitted for decision on or about November 6, 2012.

## SUMMARY

4.     Defendants' Cross-Motion is an attempt to distract this Court from the simple facts of this action, which aggregate to a prima facie case in support of Plaintiff's foreclosure of the subject mortgage (the "**Mortgage**"), as fully presented in Plaintiff's SJ Motion, without any viable defense.  The Defendants do not dispute that they actually received the prior notices of default required at law and according to the terms of the Mortgage and the promissory note it secures (the "**Note**") (or, for that matter, that they defaulted and owe sums certain, now being the entire accelerated loan), but rather feebly argue that said notices contained too much information, and thus were not sufficient to put them on notice of the need to cure their default under the Note and Mortgage.  The extra information in the default notices about which Defendants primarily complain concerns other monthly payments that would become due during the pendency of the ninety (90) day and thirty (30) day notice periods provided in the default notices.  It is a simple fact that a default by a borrower on a monthly payment, and notice of said default, does not halt other monthly payments from becoming due under a note and mortgage.  In fact, that is the whole purpose of the notice requirements - to prevent a lender from accelerating a loan before a

2

borrower has a reasonable opportunity to cure. Plaintiff's reminder of this simple fact in its default notices, in an attempt to prevent Defendants from falling onto a track where they never "catch up" and bring the subject loan fully current, should not now be used against Plaintiff to prevent it from realizing upon its statutory remedy. In fact, Defendants certainly received sufficient notice to reach out to Plaintiff by phone upon having received the first default notice, as attested to in the affidavit of Terry Brown, Senior Asset Manager at Plaintiff, submitted herewith (the "**Brown Affidavit**"). They expressed no confusion about the amounts due and owing at that time, and it is not only ineffective, but also disingenuous, to submit this "defense" now, two (2) years into the foreclosure process.

## PLAINTIFF'S DEFAULT AND ACCELERATION NOTICES ARE CLEAR AND COMPREHENSIBLE

5.      Defendants claim that the 30-day notice of acceleration sent by Plaintiff on December 8, 2010, in accordance with the terms of the Note and Mortgage (the "**30-Day Acceleration Notice**"), and the 90-day notice of default sent by Plaintiff on October 6, 2010, in accordance with the terms of the Note and Mortgage, and in accordance with RPAPL §1304(1) (the "**90-Day Default Notice**"), were too ambiguous to have put Defendants on notice as to how to cure their default, being failure to pay the monthly payment due under the Note and Mortgage on May 1, 2010, and all subsequent such payments (the "**Default**"). Copies of each of the 30-Day Acceleration Notice and the 90-Day Default Notice are attached to Defendants' Cross-Motion as *Exhibit "E"*, as well as to the Plaintiff's SJ Motion as *Exhibit "C"*.

6.      First, with respect to the thirty (30) day cure period, Plaintiff provides in the 30-Day Acceleration Letter a date certain (January 12, 2011) that is more than thirty (30) days after the date of the 30-Day Acceleration Letter (December 8, 2010). Thus, it cannot be said there

was any confusion as to the cure period within which Defendants had to cure their Default, which was greater than thirty (30) days.

7.    Notwithstanding the 30-Day Acceleration Notice, in point of fact, this action was not commenced, and acceleration of the subject loan did not occur, for another ninety (90) days following the end of the 30-day cure period in the 30-Day Acceleration Notice, providing Defendants with plenty of additional time to inquire about and/or cure the Default.

8.    Regarding the amounts due to cure the Defendants' Default, Plaintiff explicitly presented the sum certain - $42,006.26 – due as of the date of the 30-Day Acceleration Notice, being December 8, 2010.  Plaintiff also provided in the 30-Day Acceleration Letter that $300.00 was due separate and apart from the $42,006.26 sum certain as compensation for preparation and sending the 30-Day Acceleration Letter to Plaintiff's attorneys.

9.    At the time the 30-Day Acceleration Notice was sent (December 8, 2010), the January 1, 2011 monthly payment was not yet due and owing, however it was possible that it would become due during the 30-day cure period.  It was also possible that another late fee would become due during such 30-day cure period (on December 16).

10.    It is disingenuous for Defendants to feign ignorance as to the amounts of such additional sums, as Defendants could easily refer to the 90-Day Default Notice to determine the added amounts due.

11.    Footnote 1 to the 90-Day Default Notice states the amount of the monthly payments under the Note and Mortgage, being the sum of $4,360.15, as well as the exact late payment fee in connection with any monthly payment, being the sum of $218.01.

12.    In support of their Cross-Motion, Defendants rely on the unpublished decision Judge Alice Schlesinger in the Supreme Court of the State of New York, County of New York, entitled Wells Fargo Bank, NA v. Cullen, 2010 Slip Op 31983.  First, it must be noted that a

4

primary factor in Judge Schlesinger's decision in Cullen to dismiss the action based upon the default notice in that case, was the fact that said default notice was not sent to the defendant at her proper address (it was sent generally to a condominium building rather than to the defendant's specific unit).  That is not the case here, and not claimed by Defendants in Defendants' Cross-Motion.

13.     Further, the 90-Day Default Notice was not yet required by law at the time of the alleged default in Cullen, and thus there was no such companion default letter in that case (the default notice in Cullen was dated April 2008, and RPAPL §1304 was not made effective until September 1, 2008).

14.     For Plaintiff to have included all scenarios and all possible cure amounts due in the 30-Day Acceleration Notice, would have only added confusion.  This is exactly what the plaintiff in Cullen attempted to do, which Judge Schlesinger found to be too confusing.

15.     With respect to the 90-Day Default Notice, Defendants rely on Aurora Loan Services, LLC v. Weisblum, 85 A.D.3d 95 (App. Div, 2d Dept. 2011) to argue that the addition of Footnote 1 to the 90-Day Default Notice somehow renders said notice violative of RPAPL §1304.

16.     It must be noted that the defects with respect to the RPAPL §1304 notice in the Aurora case that led the Court to dismiss the lender's action therein were, (a) failure to send the notice to both borrowers (the notice was only sent to one of the two borrowers), and (b) failure to attach the statutorily-required list of counseling agencies.  These are clear and unequivocal violations of RPAPL §1304, which was not the case in this action, and Defendants do not claim such violations.

17.     Defendants, rather, allege that inclusion of Footnote 1 renders the 90-Day Default Notice insufficient to provide notice of the Default to Defendants.  Again, as with the 30-Day

Acceleration Notice, the 90-Day Default Notice provides an exact amount ($32,643.94) due as of the date of the notice (October 6, 2010). Footnote 1 explains the composition of this cure amount, and goes on to explain, in bold print, **"If the Arrears are not received by November 1, 2010, in addition to paying the Arrears, the Borrower shall also be required to make the November, 2010, December, 2010 and January 1, 2011 monthly payments each in the amount of $4,360.15 on the first of each respective month."**

18.     Again, it was possible that further monthly payments and late fees would become due during the 90-day cure period if Defendants simply did nothing, which was the case. A default by a borrower on a monthly payment, and notice of said default, does not halt other monthly payments from becoming due under a note and mortgage, and it is the statutory purpose of these required predicate notices to prevent a lender from accelerating a loan without giving the borrower a reasonable opportunity to cure. Plaintiff cannot now be punished for stating this simple fact in its predicate default and acceleration notices.

19.     Defendants also allege that the 90-Day Default Notice and the 30-Day Acceleration Notice were ambiguous because they failed to specify Plaintiff's legal fees that were due and owing, and Plaintiff's right thereto.

20.     In fact, the 30-Day Acceleration Notice states explicitly that the amount due as of the date of the 30-Day Acceleration Notice - $42,006.26 – *includes* prior legal fees. Defendants conveniently leave this phrase out of the quote they take from the 30-Day Acceleration Notice in Defendants' Cross-Motion.

21.     Also, the 30-Day Acceleration Notice further explicitly states that Plaintiff's attorneys' fees and costs for preparing and sending the 30-Day Acceleration Notice was $300.00, in addition to, and separate from, the $42,000.26 due as of the date of the 30-Day Acceleration Notice.

22.     Plaintiff is expressly entitled to recover its legal fees under 6(E) of the Note ("*the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.*").  A copy of the Note is attached to Defendants' Cross-Motion as *Exhibit "F"*, as well as to the Plaintiff SJ Motion at *Exhibit "A"*.

23.     Therefore, Defendants could easily ascertain the amounts due and owing to cure their Default, depending on when they actually were to pay such amounts, between the two (2) default letters sent by Plaintiff in accordance with applicable law and the terms of the Note and Mortgage.

24.     Further, as attested to in the Brown Affidavit, in response to the 90-Day Default Notice, Defendants contacted Plaintiff to discuss their financial condition.  Obviously, the 90-Day Default Notice put Defendants on sufficient notice of the Default, and as further attested in the Brown Affidavit, Defendants did not express any confusion as to the amounts due and owing under the 90-Day Default Notice at the time of their call. They clearly had sufficient information and means to contact Plaintiff, and thus could have asked and cleared up any confusion that they may have had at the time of this call, or anytime thereafter.

25.     It goes without saying that Defendants do not offer any evidence, or even claim for that matter, that they were ready, willing and able to pay any amount to cure their Default in response to either the 90-Day Default Notice or the 30-Day Acceleration Notice.

## CONCLUSION

26.     Plaintiff has stated its prima facie case to foreclose the Mortgage in Plaintiff's SJ Motion by submitting the Note and Mortgage sued upon in this action, evidence that establishes Plaintiff's due ownership of the Note and Mortgage now and at the commencement of this action, as well as evidence of the Defendants' Default, none of which Defendants dispute.

27.     Defendants' opposition to Plaintiff's SJ Motion and Defendants' Cross-Motion, which are nearly identical, fail to raise a triable issue of fact, much less grounds for dismissal of this action.

28.     Therefore, it is abundantly apparent that, as a matter of law, the Plaintiff has stated a cause of action to foreclose the Mortgage and has proved its case, and neither Defendants' Opposition nor Defendants' Cross-Motion has set for any basis to deny Plaintiff Summary Judgment in this action.

WHEREFORE, it is respectfully submitted that Defendants' Cross-Motion be denied in its entirety, and that the Plaintiff's cause of action is sufficiently established and warrants this Court as a matter of law to grant all relief requested in the Plaintiff SJ Motion.


Dated:     New York, New York
           January 22, 2013


                                        /s/ Jerold C. Feuerstein
                                        **JEROLD C. FEUERSTEIN (JCF-9829)**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

EASTERN SAVINGS BANK, FSB,

                Plaintiff,

     -against-

PETER K. STREZ, CATHERINE A. STREZ A/K/A
CATHERINE A. KELLEY, CITY OF NEW YORK
ENVIRONMENTAL CONTROL BOARD, and
"JOHN DOE #1 through JOHN DOE #12", the last
twelve names being fictitious and unknown to plaintiff,
the persons or parties intended being the tenants,
occupants, persons or corporations, if any, having or
claiming interest upon the premises described in the
Complaint,

                Defendants.
---------------------------------------------------------------x

Civil Docket No.: 11-1543
Filed: March 29, 2011

**AFFIDAVIT IN OPPOSITION
TO DEFENDANTS' CROSS-
MOTION FOR SUMMARY
JUDGMENT**

STATE OF MARYLAND    }
                       }ss.:
COUNTY OF BALTIMORE   }

TERRY BROWN, being duly sworn, deposes and says:

1.    I am a Senior Asset Manager at Eastern Savings Bank, fsb, ("**Eastern**" and/or "**Plaintiff**"), the plaintiff in the within foreclosure action, and have personal knowledge of the facts of this case and the events that transpired to date by virtue of my employment at Eastern and my review of the file maintained by Eastern in the ordinary course of business.

2.    I submit this Affidavit in Opposition to defendants-mortgagors Peter K. Strez's and Catherine A. Strez a/k/a Catherine A. Kelley's ("**Defendants**") Cross-Motion for Summary Judgment to seek an Order dismissing this action (the "**Defendants' Cross-Motion**").

1

3.      Plaintiff sent the 90-day notice of default, in accordance with the terms of the Note and Mortgage, and in accordance with RPAPL §1304(1) (the "**90-Day Default Notice**"), on October 6, 2010.

4.      On November 8, 2010, Defendants contacted me by phone.  They expressed that they were calling in response to the 90-Day Default Notice, and that they wished to apprise Plaintiff of their financial situation and to seek a modification of their loan.

5.      Defendants did <u>not</u> express any confusion as to the amounts due and owing in order to bring their loan current pursuant to the 90-Day Default Notice.

6.      I informed Defendants that in order for Plaintiff to consider any modification scenario, Defendants needed to provide Plaintiff with a certain information package describing their finances.

7.      Defendants never provided the required financial information package, nor did they contact Plaintiff again prior to the filing of this action.

8.      Based on the foregoing, it is respectfully submitted that Defendants' Cross-Motion should be denied.

9.      I make this Affidavit knowing full well that the United States District Court, Eastern District of New York is relying upon the truth of the statements contained herein.


REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

2

WHEREFORE, your deponent prays that the relief requested in the Notice of Motion be granted in all respects, together with the costs of this motion.

I hereby make oath or affirmation that the contents of this affidavit are true and correct to the best of my knowledge, information and belief.

_____
TERRY BROWN

STATE OF MARYLAND          )
                           )   ss:
COUNTY OF BALTIMORE        )

On the 17ᵗʰ day of January, in the year 2013, before me, the undersigned, personally appeared TERRY BROWN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, that by his signature on the instrument, the individual, or the entity upon behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in the city of Hunt Valley.

_____
Notary Public

Printed Name: _____

My Commission Expires: _____

> ELVIE A. HERMANN
> Notary Public-Maryland
> Baltimore County
> My Commission Expires
> **February 29, 2016**

_____

## CERTIFICATE OF CONFORMITY

The undersigned, Douglas S. Durkin an attorney licensed in the State of Maryland, affirms under penalty of perjury and hereby certifies that I witnessed the signature of Terry Brown as applied to the Affidavit annexed to this Certificate, which was signed and dated on January 17, 2013. The manner in which same was signed was, and is, in accordance with, and confirms to, the Laws for taking oaths and acknowledgments, in the State of Maryland.

Dated: January 17, 2013

_____

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

EASTERN SAVINGS BANK, FSB,

Civil Action No. 11-1543

Plaintiff,

vs.

PETER K. STREZ, CATHERINE A. STREZ A/K/A
CATHERINE A. KELLEY, CITY OF NEW YORK
ENVIRONMENTAL CONTROL BOARD, and "JOHN
DOE #1 through JOHN DOE #12", the last twelve
names being fictitious and unknown to plaintiff, the
persons or parties intended being the tenants, occupants,
persons or corporations, if any, having or claiming
interest upon the premises described in the Complaint,

**CERTIFICATE OF SERVICE**

Defendants.

------------------------------------------------------------------------x

STATE OF NEW YORK      }
                       } ss.:
COUNTY OF NEW YORK     }

I, Cindy Lopez, being duly sworn, here by deposes and says:

I am of full legal age, and reside in Bronx County, New York and I am not a legal
party to this action. I do hereby swear that on **January 22, 2013**, I did serve a true copy
of Plaintiff's **Attorney Affirmation in Opposition to Defendants' Cross-Motion for
Summary Judgment and Client Affidavit in Support,** as well as all supporting
documentation annexed thereto, by FEDEX, Standard Overnight Delivery, to the
addressee(s) as indicated below:

**Jamie Lathrop, Esq.**
*Attorney for Defendants Peter K. Strez and Catherine A. Strez*
**641 President Street, Ste. 202**
**Brooklyn, NY 11215**

_____
Cindy Lopez

Sworn to before me on this
22nd day of January, 2013

_____
Notary Public

JEROLD FEUERSTEIN
Notary Public, State Of New York
No. 02FE6030336
Qualified In New York County
Commission Expires September 7, 2013