UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EASTERN SAVINGS BANK, FSB,

                              Plaintiff,           MEMORANDUM & ORDER

        -against-                         11-cv-1543 (ENV) (MDG)

PETER K. STREZ, CATHERINE A. STREZ A/K/A
CATHERINE A KELLEY, CITY OF NEW YORK
ENVIRONMENTAL CONTROL BOARD and "JOHN
DOE #1through JOHN DOE #12", the last twelve
names being fictitious and unknown to plaintiff, the
persons or parties intended being the tenants,
occupants, persons or corporations, if any,
having or claiming interest upon the premises
described in the Complaint,

                              Defendants.
------------------------------------------------------------X

VITALIANO, D.J.

       Plaintiff Eastern Savings Bank, FSB ("Eastern") brings this action against defendants

Peter Strez, Catherine Strez a/k/a Catherine Kelley, the City of New York Environmental

Control Board ("ECB") and 12 John Doe defendants to foreclose on a mortgage. Eastern now

moves for summary judgment against the Strezes[1] pursuant to Federal Rule of Civil Procedure

56. The Strezes have asserted affirmative defenses and a counterclaim.[2] They cross-move for

summary judgment. Additionally, Eastern moves to dismiss the 12 John Doe defendants and to

default the ECB for failure to respond to the complaint.[3] These latter two motions are granted.

---

[1]     The Strezes began as *pro se*, but now appear with counsel.
[2]     The Strezes' amended answer contained six affirmative defenses and four counterclaims, but only
the sixth affirmative defense and the fourth counterclaim are mentioned by defendants in their opposition
to plaintiff's summary judgment motion and their summary judgment cross-motion. Accordingly, the
Court addresses only these claims and considers the others abandoned and, if not abandoned, as discussed
further below, without a proffer of admissible proof to support them, they are dismissed.
[3]     Eastern also moves to strike the Strezes's affirmative defenses and counterclaims. Because, as
explained more fully below, the Court finds that Eastern is entitled to summary judgment, the Court need

For the reasons that follow, Eastern's motion for summary judgment is also granted and the Strezs's cross-motion is denied.

### Background

On June 13, 2008, the Strezes executed and delivered a note to Eastern, acknowledging a debt of $400,000. The note accompanied a simultaneously executed mortgage, which secured the note with a lien on the Strezes' primary residence, located in Queens. Eastern currently holds both the mortgage and the note. The terms of this financing require the Strezes to make monthly payments by the first day of each month. The note provides that, in the case of a default that remains uncured for 30 days after notice of the default, Eastern may, at its discretion, demand immediate payment of the entire principal balance and interest owed.

Beginning on May 1, 2010, the Strezes failed to make the monthly payment required by the note, and missed all required payments thereafter. Pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1304(1), on October 6, 2010, Eastern sent the Strezes a 90-day notice, warning that the loan would be accelerated if the default was not cured. Eastern subsequently sent a 30-day notice on December 8, 2010 accelerating the debt. See N.Y.R.P.A.P.L. §§ 1304(2)(4). The default, it is undisputed, was not cured.

On March 29, 2011, Eastern commenced this diversity action to foreclose its lien on the Strezes' home. The Strezes accepted service of the summons and complaint. On May 18, 2011 Eastern amended the complaint. Shortly thereafter, on May 26, the Strezes answered. Almost a year later, on March 6, 2012, the Strezes hired an attorney who filed a notice of appearance with the Court. Now represented, the Strezes filed an amended answer with amended counterclaims.

Interestingly, in opposing Eastern's motion, the Strezes do not contest either the substantive allegations of the complaint or even the documentary evidence demonstrating the

---

not reach the merits of that motion, which is denied as academic.

unpaid debt. Rather, they rely on an affirmative defense, specifically that Eastern's notices of default and acceleration were ambiguous and unclear in contravention of the requirements of the mortgage note and the RPAPL and therefore, they argue, the mortgage loan contract must be rescinded. On their cross-motion, the Strezes further seek an award of attorney's fees should this Court accept their affirmative defense.

### Legal Standard

Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). The Court's role in assessing the merits of a summary judgment motion is not to try issues of fact. Rather, it is to "determine whether there *are* issues of fact to be tried." Sutera v. Schering Corp., 73 F.3d 13, 16 (2d Cir. 1995) (quoting Katz v. Goodyear Tire Rubber Co., 737 F.2d 238, 244 (2d Cir. 1984)). The moving party bears the burden of demonstrating that there is no genuine issue as to any material fact, see Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005), and courts must resolve all ambiguities in the evidence and draw all permissible factual inferences in favor of the party opposing the motion. See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 83 (2d Cir.2004); Hetchkop v. Woodlawn at Grassmere, Inc., 116 F.3d 28, 33 (2d Cir. 1997) ("If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper").

If the moving party meets its initial burden of demonstrating the absence of a disputed issue of material fact, the burden shifts to the nonmoving party to present specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586,

106 S. Ct. 1348, 1356 (1986). The nonmoving party may not rely solely on mere "conclusory

allegations or unsubstantiated speculation" in order to defeat a motion for summary judgment.

Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998). Rather, the nonmoving party must "make

a showing sufficient to establish the existence of [each] element to that party's case . . . since a

complete failure of proof concerning an essential element of . . . the non-moving party's case

necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23. If the evidence

favoring the nonmoving party is "merely colorable . . . or is not significantly probative, summary

judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct.

2505, 2510-11 (1986) (internal quotations omitted).

Discussion

In a New York mortgage foreclosure action, a foreclosing mortgagee plaintiff makes a

prima facie showing that would warrant the entry of summary judgment if the plaintiff produces

documentary evidence establishing three elements: (1) a mortgage, (2) a note, and (3) proof of

default on the note by the mortgagor. See U.S. Bank, N.A. v. Byrd, No. 10-cv-3381, 2012 WL

580500, at *4 (E.D.N.Y. Feb. 22, 2012); Builders Bank v. Beach 116-23 LLC, No. 09-CV-2220,

2011 WL 2672567, at *5 (E.D.N.Y. Apr. 15, 2011); Regency Sav. Bank, F.S.B. v. Merritt Park

Lands Assoc., 139 F. Supp. 2d 462, 465 (S.D.N.Y. 2001); Votta v. Votta Enterprises, Inc., 249

A.D.2d 536, 537, 672 N.Y.S.2d 118, 119 (2d Dep't 1998). When a plaintiff meets its prima facie

burden and the defendant does not contest those facts, a presumptive right to collect the overdue

amount exists, which can only be overcome by evidence demonstrating the existence a

meritorious affirmative defense. In re Victory Veal, Inc., 186 B.R. 22, 28 (Bankr. E.D.N.Y.

1995); United States v. Freidus, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991); Metro. Distribution

Services, Inc. v. DiLascio, 176 A.D.2d 312, 312, 574 N.Y.S.2d 755, 756 (2d Dep't 1991);

4

Regency Sav. Bank, 139 F. Supp. 2d at 465 ("[A] mortgagor is bound by the terms of his contract . . . and cannot be relieved from his default . . . in the absence of waiver by the mortgagee, [] estoppel, [] bad faith, fraud, [or] oppressive or unconscionable conduct on the [mortgagee's] part.").

Eastern has provided the Court with the note and mortgage, as executed by the Strezes. Also proffered on the motion are the various notices sent to the Strezes regarding their mortgage and note defaults. Plaintiff additionally submitted an affidavit by Terry Brown, one of its senior asset managers, attesting to the default and related facts underlying the claim. While these submissions alone plainly establish Eastern's prima facie showing, the Strezes also admit to defaulting on the note and mortgage, as well as to entering into—and defaulting on—a forbearance agreement they executed with Eastern. Accordingly, Eastern's motion must be granted unless the Strezes can produce admissible evidence in support of their affirmative defense showing at least that there is a triable issue of fact on their defense.

A potpourri of affirmative defenses is asserted. See note 2 supra. But, the Strezes present no admissible proof from which a reasonable jury could find that Eastern engaged in fraud, duress, oppressive or unconscionable dealings, and/or bad faith in relation to the making of the note and mortgage.[4] See First Nat'l Bank of Highland v. J & J Milano, Inc., 160 A.D.2d 670, 671, 553 N.Y.S.2d 448 (2d Dep't 1990) (defendant failed to produce any credible evidence to rebut a bank's prima facie showing of entitlement to foreclose); see also Scotto, 143 F.3d at 114. It is, of course, their burden to do so. See Regency Sav. Bank, 139 F. Supp. 2d at 465-66.

---

[4]      Demonstrating a legitimate defense would require some proof attacking the legal validity of the original agreement or evidence of proceedings that would require relieving the debtor in order to prevent injustice. See, e.g., Prudential Ins. Co. of Am. v. Kelly, 174 A.D.2d 717, 717, 571 N.Y.S.2d 761, 761 (1991) (granting summary judgment of foreclosure because defendant failed to plead any elements of fraud in the mortgage making); cf. Nassau Trust Co. v. Montrose Concrete Prods. Corp., 56 N.Y.2d 175, 184, 436 N.E.2d 1265, 1269 (1982).

Eschewing on this motion any attempt to offer proof contesting the legitimacy of the debt obligation, the Strezes have but a few straws left to grasp. They do reach for them. For instance, the Strezes interpose the argument that the 30-day acceleration notice they received from Eastern did not contain clear and unequivocal language as required under the terms of the mortgage. (Defendants' Opposition at 9; Defendants' Cross-Motion at 3). The operative requirement is in paragraph 20 of the mortgage, which outlines the format and clarity requirements for any acceleration notice with specificity, providing that such a notice must describe:

i.      The promise or agreement that [the Borrower] failed to keep;
ii.     The action that [the Borrower] must take to cure the default;
iii.    A date by which [the Borrower] must correct the default. That date must be at least 10 days from the date on which the notice is mailed to [the Borrower].

(Pl. Ex. B at ¶ 20).

Any objective examination of the December 8, 2010 acceleration notice will show that Eastern complied with this provision to the letter. (Dkt. No. 38 at 18). The first paragraph of the acceleration notice sent to the Strezes informs them of their specific breach: "[Y]ou have failed to deliver your scheduled payments for the months of May, 2010 through December, 2010 and currently there is an outstanding balance including late charges, insufficient funds fees and prior legal fees in the amount of $42,000.26 owed by you to Eastern." Id. Next, the notice directly states what the Strezes must do in order to cure the default, and gives them three times the length of the minimum cure period to do so:

By reason of the foregoing, if this firm fails to receive payment from you in the amount of $42,000.26, plus reimbursement of Eastern's attorney's fees and costs in the amount of $300.00 within thirty (30) days from the receipt of this letter, which is January 12, 2011 the entire unpaid balance under this Security Instrument and Note may be accelerated and become due and owing in full to Eastern.

6

(Dkt. No. 38 at 18). The next line of the letter states: "If payment is not received by the 1st day

of January, 2011, the January payment will be due as well." It continues: "Additionally, if

payment is not received by December 15, 2010, a late charge, if applicable, will be due to

Eastern Savings Bank, fsb." The letter concludes:

> All payments shall be made in certified funds and shall be delivered to
> Kriss & Feurstein and not to Eastern. Any additional payments becoming
> owing and due within the thirty (30) days from the receipt of this letter,
> which is January 12, 2011, will be accepted by Eastern and should be
> remitted with the amounts demanded herein; however, the loan may be
> accelerated unless the entire sum due and owing is paid as set forth
> herein.

The Strezes contend that the 30-day acceleration notice's language is unclear as to

whether the $42,000.26 payment was "due by" or "on or before" January 12, 2011. They further

claim befuddlement over the amount due for the January monthly payment. Similarly, they

profess insufficient notice with respect to the amount of the possible late fee on the December

15, 2010 payment. Finally, they target as confusing the various payment options covered in the

notice. Lay people, obviously, are often confused by legal documents. The meter, however, is

not the existence of self-professed confusion, but whether the language is written in the form and

with the clarity required by contract and/or law. There is no genuine issue of material fact or law

that the acceleration notice meets that standard. The first paragraph of the acceleration notice

plainly recited the amount of the default and stated that the Strezes would have 30 days to make

payment. Nothing in the mortgage or RPAPL obligated Eastern to restate the amount of the

monthly mortgage payment or the amount of future late fees. Nor did the mortgage or law

require more than the plain and concise instructions that Eastern provided as to how, when, and

where certain payments curing the default could be made. The 30-day acceleration notice was in

7

full accord with the mortgage note and statute. The litany of confusion asserted by the Strezes is

meritless and provides no defense.

The Strezes also find fault with a footnote in the 90-day default notice, which they claim

violates RPAPL § 1304. The footnote stated:

> The Arrears includes the payments due on May 1, 2010, June 1, 2010 and
> July 1, 2010 in the amount of $4,390.73 and August 1, 2010 and
> September 1, 2010 and October 1, 2010 payments each in the amount of
> $4,360.15 plus $5,281.30 in late charges and $1,110.00 in prior legal fees.
> *If the Arrears are not received by November 1, 2010, in addition to paying
> the Arrears, the Borrower shall also be required to make the November,
> 2010, December, 2010 and January, 2011 monthly payments each in the
> amount of $4,360.15 on the first of each respective month.* For each
> payment not received by the 15th of the month for which it was due, a late
> charge in the amount of $218.01 will also be due and owing.

(emphasis in original).

Refuge is sought in <u>Aurora Loan Services v. Weisblum</u>, which dismissed the lender's

action where only one of the two borrowers had received a default notice and the notice had not

contained a list of counseling agencies available to assist distressed homeowners. 85 A.D.3d 95,

923 N.Y.S.2d 609 (2d Dep't 2011). Saliently, <u>Aurora</u> recounts that the genesis of § 1304 was

legislative concern about a "lack of communication between distressed homeowners and their

lenders . . ." <u>Id.</u> at 107 (discussing the legislative history of § 1304). That is hardly the concern

raised by the Strezes. They do not allege that either defendant failed to receive the notice of

default, or that the notice was deficient because it did not contain the counseling information that

the lender failed to provide in <u>Aurora</u>. Instead, the Strezes contend, in essence, that Eastern

provided them with *too much* information about their default and how to avoid foreclosure. It

would stand the logic of <u>Aurora</u> on its head, and contravene the objective of § 1304, to find that

the addition of information in a footnote that better informs the borrower of the repercussions of

non-payment amounted to a violation of that statute. There is no genuine issue of material fact

8

or law about the 90-day default notice either—it satisfies Eastern's obligations under the governing documents and state law.  There being no viable affirmative defense, Eastern is entitled to summary judgment.[5]

## Conclusion

For the foregoing reasons, plaintiff's motion for summary judgment of foreclosure is granted and the Strezes' cross-motion for summary judgment is denied. This matter is respectfully referred to Magistrate Judge Marilyn D. Go to determine the amount of the judgment, including, but not limited to, principal and interest on the note, costs, and any attorney's fees properly recoverable in this action.  Eastern shall submit a proposed judgment and order of foreclosure to Judge Go by ECF within 14 days of the entry of this Memorandum and Order on the docket.

SO ORDERED.

Dated: Brooklyn, New York
July 22, 2013

s/ ENV

ERIC N. VITALIANO
United States District Judge

---

[5]     The Strezes hinge their fourth counterclaim demanding attorney's fees—the only one not abandoned on their cross-motion for summary judgment—on the successful outcome of their defense of defective notice. Since they do not prevail on that defense, their counterclaim is dismissed.