UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EASTERN SAVINGS BANK, FSB,

                Plaintiff,                    **REPORT AND RECOMMENDATION**
                                                    **11 CV 1543 (ENV)(LB)**

        -against-

PETER K. STREZ, CATHERINE A. STREZ,
*also known as Catherine A. Kelley*, CITY OF
NEW YORK ENVIRONMENTAL CONTROL
BOARD, and JOHN DOE #1 THROUGH
JOHN DOE #12,

                Defendants.
----------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      Plaintiff Eastern Savings Bank, FSB ("Eastern") brought this diversity action against Peter K. Strez, Catherine A. Strez, the City of New York Environmental Control Board ("ECB"), and John Doe #1 through John Doe #12 to foreclose its lien on the Strezes' home located at 105-07 72nd Avenue, Forest Hills, NY 11375. On July 22, 2013, the Honorable Eric N. Vitaliano granted summary judgment in favor of plaintiff,[1] and referred the matter to me[2] in accordance with 28 U.S.C. § 636(b) to determine the amount of the judgment to be entered. (ECF No. 41.) Plaintiff submits a proposed judgment and order of foreclosure seeking principal, interest, and late fees due on the note, plus attorneys' fees and costs, and that the ECB's interest in the premises should be foreclosed. For the following reasons, I recommend that the Court should adopt the proposed judgment and order of foreclosure but should modify the award of attorneys' fees as set forth herein.

---

[1] Judge Vitaliano also granted Eastern's motion to dismiss the 12 John Doe defendants and to hold the ECB in default for its failure to respond to the Complaint. (ECF No. 41 at 1.)

[2] The matter was originally referred to Judge Go in error as I am the assigned Magistrate Judge. See docket entry dated August 1, 2013.

**BACKGROUND**

Familiarity with the facts underlying this action as set forth in Judge Vitaliano's Memorandum and Order is assumed. (ECF No. 41.) On June 13, 2008, the Strezes, as borrower and mortgagor, executed and delivered a mortgage to Eastern on real property located at 105-07 72nd Avenue, Forest Hills, NY 11375, which secured repayment of a note in the principal amount of $400,000.00. (Pl.'s Am. Compl. ¶¶ 11–12.) The Strezes breached the terms of the Mortgage and Note by failing to make required monthly payments beginning on May 1, 2010. (Id. ¶ 15.) On October 6, 2010, Eastern notified the Strezes that the loan would be accelerated if the default was not cured, and subsequently accelerated the debt. (Id. ¶ 17.) On March 29, 2011, Eastern commenced this action to foreclose its lien on the mortgaged property. (ECF No. 1.)

Judge Vitaliano granted summary judgment in favor of plaintiff, dismissed the John Doe defendants, defaulted the ECB, and referred the matter to me to determine the amount of the judgment, including but not limited to, principal and interest on the note, costs, and any attorneys' fees properly recoverable in this action. Defendants' cross-motion for summary judgment was denied.

Pursuant to Judge Vitaliano's Order, plaintiff filed a proposed judgment of foreclosure and sale on August 7, 2013. Plaintiff was ordered to supplement the record with additional documentation and calculations, including an affidavit setting forth defendants' transaction history and the late charges assessed. The Court ordered defendants to submit any objection to plaintiff's computation by October 7, 2013. Plaintiff supplemented the record on September 26, 2013. Defendants did not file an objection.

## DISCUSSION

### I. Principal, Interest, and Late Fees

Plaintiff seeks $400,000.00 in principal owed on the Note, plus accrued interest calculated through August 5, 2013, in the amount of $170,199.41, and late charges in the total amount of $6,589.36. The supplemented record includes defendants' Loan History, which reflects defendants' payment history in connection to the loan (ECF No. 44-2), an Accrued Interest Schedule, which details all interest that has accrued and interest that has been paid since the inception of the loan (ECF No. 44-3), and a listing of all late charges (ECF No. 44-4). (See Supplemental Affidavit of Terry Brown in Further Support of Statement of Damages ("Brown Supp. Aff.") ¶¶ 4, 8.) Defendants have not objected to plaintiff's calculations. I have reviewed the supplemented record and recommend that judgment should be entered in plaintiff's favor for principal, interest, and fees as follows.

### A. Principal

Under the terms of the Note, the Strezes promised to pay plaintiff a principal sum of $400,000.00, ("the principal") plus interest. (Note § 1, ECF No. 42, at 8.) The Note specifies that monthly payments are applied first "to interest computed to the date of payment, then to principal, and then to accrued late charges." (Note §§ 3(A).) The "Simple Interest Disclosure" attached to the Note explains that Eastern utilizes the "daily simple interest method" in applying payments to the loan account, under which method loan payments are applied to the account on the day it is received rather than the day it was due. (Simple Interest Disclosure, ECF No. 42 at 13.) Consequently, payments made after the first of the month are applied to any interest accruing after the scheduled date of the payment before they are applied to the principal.

Defendants were required to make monthly payments of $4,421.68 on the first day of each month at the commencement of the loan repayment period, with the payments thereafter decreasing to a final monthly payment of $4,270.96. (Addendum to Note, ECF No. 42 at 11.) Plaintiff's first payment on the account was due on August 1, 2008, which would have paid the accrued interest from July 1, 2008 through July 31, 2008. (Brown Supp. Aff. ¶ 6.) However, because defendants' first payment was made four days late, an additional amount of interest was due at the time defendants made the payment, and the entire payment amount of $4,421.69 was applied exclusively to accrued interest. Consequently, plaintiff's payment did not result in any reduction of the principal balance.

Likewise, defendants' payment history reflects that each subsequent payment was insufficient to satisfy the outstanding accrued interest on the day it was made. (ECF No. 44-2.) Defendants' payments were therefore never applied to a reduction of the principal amount, and the entirety of the principal amount remains due. The Court therefore recommends that judgment be entered against Peter and Catherine Strez in the amount of $400,000, the original principal balance.

**B. Interest**

The Note states that "[i]nterest will be paid on unpaid principal until the full amount of principal has been paid." (Note § 2.) The Addendum to the Note provides for interest to be paid at an annual rate of 12.990% from the date of the Note through June 30, 2009; at an annual rate of 12.890% from July 1, 2009, through June 30, 2010; at an annual rate of 12.790% from July 1, 2010, through June 30, 2011; at an annual rate of 12.690% from July 1, 2011, through June 30, 2012; at an annual rate of 12.590% from July 1, 2012, through June 30, 2013; and at an annual rate of 12.490% from July 1, 2013, until maturity of the loan. (ECF No. 42 at 11.)

The Accrued Interest Schedule calculates the interest at the appropriate rates thought the loan period, and properly deducts the payments made by defendants from the accrued interest total. (See ECF No. 44-3). The Strez defendants do not object to plaintiff's record of their payments, and the Court has confirmed plaintiff's calculations to be accurate. The Court therefore recommends that plaintiff should be awarded accrued interest calculated through August 5, 2013, in the amount of $170,199.41.

### C. Late Fees

The Note imposes a late fee charge in the amount of 5% of the overdue payment in the event payment is not received within 15 calendar days of the start of the month. (Note §, 6(A).) The supplemental records submitted by plaintiff reflect each occasion on which defendants incurred a late fee, and the fees charged. The Court has confirmed the charges to be 5% percent of the payments due and has confirmed the total amount of the charges sought. The Court therefore recommends that plaintiff be should awarded $6,589.36 in late fees.

## II. Attorneys' Fees and Costs

Plaintiff seeks attorneys' fees in the amount of $20,150.00, and $1,339.20 in costs. Under the terms of paragraph 6(E) of the Note:

> If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

(ECF. No. 42, at 8.) On December 8, 2010, Eastern sent defendants a notice pursuant to N.Y.R.P.A.P.L. §§ 1304(2)(4) accelerating the debt, thus entitling plaintiff to recover reasonable attorneys' fees and costs. (ECF No. 42, Declaration of Services Rendered ("Feuerstein Decl.") ¶ 4.) For the following reasons, I recommend that plaintiff should be awarded attorneys' fees in a total amount of $9,487.50, and $1,339.20 in costs.

### A. Attorneys' Fees

In the Second Circuit, the amount of attorneys' fees to award a prevailing party is determined by calculating the "presumptively reasonable fee." Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 172 (2d Cir. 2009). To determine this fee, the Court begins by multiplying the number of hours spent on the litigation by "a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). A reasonable rate is "the rate a paying client would be willing to pay," based on the "prevailing [hourly rate] in the community . . . . where the district court sits." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2007); see also Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984) ("[T]he requested rates [must be] in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."). In determining the reasonable hourly rate, the Court should consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorneys' customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Arbor Hill, 522 F.3d at 186 n.3. "The burden is on the party moving for attorneys' fees to justify the hourly rate sought." Ehrlich v. Royal Oak Fin. Servs., Inc., CV-12-3551 (BMC), 2012 U.S. Dist. LEXIS 159815, at *8-9 (E.D.N.Y. Nov. 5, 2012) (citing Hensley, 461 U.S. at 437).

Plaintiff's attorneys, Jerold C. Feuerstein and Jennifer Tolston, are partners at Kriss and Feuerstein LLP, and have both been practicing law for more than fifteen years. (Feuerstein Decl.

¶ 7.) Feuerstein and Tolston request hourly rates of $475 and $450, respectively. (Id.) In light of rates in this District, and relying on the rates approved by other courts, these rates are too high.

Hourly rates in the Eastern District of New York generally range "from $300 to $450 per hour for partners, $200 to $300 for senior associates, $100 to $200 for junior associates." Marshall v. Reisman, 11-CV-5764 (ARR)(VVP), 2013 U.S. Dist. LEXIS 55727, at *7-8 (E.D.N.Y. Mar. 25, 2013). "In cases such as this one involving mortgages and promissory notes, courts have held that slightly lower fees are appropriate." Home Loan Inv. Bank, F.S.B. v. Lemans Properties, LLC, CV 11-1107 (DRH) (AKT), 2012 WL 1020430 (E.D.N.Y. Mar. 2, 2012) adopted by, 11 CV 1107 (DRH) (AKT), 2012 WL 1019597 (E.D.N.Y. Mar. 26, 2012).

Courts in this district routinely reduce hourly rates for cases involving mortgages and promissory notes to $250 for partners, $175 for associates, and $80 for paralegals. Id. (collecting cases). Furthermore, while not dispositive, an Eastern District Court awarded Mr. Feuerstein $275 in a similar action brought by Eastern this year. E. Sav. Bank, FSB v. Bright, 11-CV-1721 (ENV) (MDG), 2013 WL 3282889 (E.D.N.Y. June 27, 2013) (finding that "partners who have received rates in the range requested for this type of work had significantly more experience than Mr. Feuerstein.")).

The Court therefore recommends that Mr. Feuerstein and Ms. Tolston be awarded an hourly rate of $275. See BH99 Realty, LLC v. Qian Wen Li, No. 10–CV–0693 (FB)(JO), 2011 WL 1841530, at *6 (E.D.N.Y. Mar. 16, 2011) (reducing hourly rates to $250 for partner in action involving mortgage and promissory note); Home Loan Inv. Bank, F.S.B. v. Lemans Properties, LLC, CV 11-1107 (DRH) (AKT), 2012 WL 1020430 (E.D.N.Y. Mar. 2, 2012) (recommending partner's hourly fee be reduced to $275).

The Court has also reviewed the hours billed in this matter. "The number of hours

counsel spends on an action will be determined unreasonable if found to be excessive, duplicative, or unnecessary." Finkel v. Metro Sign & Maint. Corp., No. 09 CV 4416(CLP), 2010 WL 3940448 at *16 (E.D.N.Y. Aug. 12, 2010) (citing Labrera v. Frank J. Batchelder Transp. LLC, No. 08-CV-3387(SJ)(JMA), 2009 WL 245021 at *4 (E.D.N.Y. Feb. 2, 2009)). The record reflects that Mr. Feuerstein worked 34.5 hours and Ms. Tolston worked 1.5 hours. (Feuerstein Decl. ¶ 5.) The work performed included drafting correspondence and preparing court documents. (Id.) I find that the time expended on this foreclosure action by Ms. Tolston is reasonable. The time expended by Mr. Feuerstein is likewise reasonable, except for the 1.5 hours plaintiff expended as a result of his own failure to appear at the initial pretrial conference scheduled for May 2, 2012. (See ECF No. 27.) Plaintiff requests compensation for .5 hours spent drafting a letter to the Court explaining his failure to appear, .5 hours spent reviewing the Court's Order issued after plaintiff failed to appear, and .5 hours spent drafting a letter to defendants' counsel in connection to sanctions imposed against plaintiff's counsel for his failure to appear. (ECF No. 42 at 4.) This time was unnecessary to the prosecution of the case and resulted from a situation of counsel's own making. Therefore, 1.5 hours should be subtracted from counsel's time calculation.

  Finally, counsel also requests anticipated fees for "publication," "appearance at foreclosure sale" and "preparation of referee's deed and supporting documentation." The Court recognizes that counsel's anticipated fees may be customarily incurred in an action such as this; however, the Court cannot recommend that plaintiff be awarded attorneys' fees that have not yet been earned. The Court therefore recommends that plaintiff's request for anticipated attorneys' fees should be denied, and that plaintiff should be granted leave to file a motion to amend the judgment to seek additional attorneys' fees after they are incurred. See E. Sav. Bank, FSB v.

Bright, 2013 WL 3282889, at *6 (E.D.N.Y. June 27, 2013). I therefore recommend awarding plaintiff attorneys' fees for 34.5 hours expended on the case at the hourly rate of $275.00, for a total fee award of $9,487.50.

### B. Costs

Finally, plaintiff seeks $1,339.20 in costs. By its terms, plaintiff is entitled to costs incurred in enforcing the Note. (Note §, 6(E).) Plaintiff submits a Bill of Costs requesting $350.00 for filing fees, $300.00 for service of process, $609.70 for "Foreclosure Report and Continuation, $70.00 for the filing of the Lis Pendens and $9.50 for "Certified Copies." (ECF No. 42-2, Bill of Costs.) Attached to the Bill of Costs are invoices for the amounts sought. The Court finds the costs reasonable.

Accordingly, I recommend that plaintiff be awarded $1,339.20 in costs.

### III. Default Judgment against Environmental Control Board

Rule 55 of the Federal Rules of Civil Procedure establishes the two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2). Judge Vitaliano granted plaintiff's motion to enter a default against the ECB, and the clerk has entered the ECB's default.

Plaintiff alleges that the ECB is a holder of a subordinate lien on the premises. (Pl.'s Am. Compl. ¶¶ 5, 7.) See Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc. 699 F.3d 230, 234 (2d Cir. 2012). Based on the default entered, I respectfully

recommend that a default judgment should be entered against the ECB and that the ECB's interest in the subject premises should be terminated. See E. Sav. Bank, FSB v. Bright, 11-CV-1721 (ENV) (MDG), 2013 WL 3282889 (E.D.N.Y. June 27, 2013) (terminating subordinate second mortgage).

## CONCLUSION

Accordingly, I respectfully recommend that the Court should enter judgment in favor of plaintiff and against the Strez defendants in a total amount of $587,615.47, calculated as follows:

- $400,000.00 for the principal amount due on the note;

- $170,199.41for accrued interest calculated through August 5, 2013, at the rates specified in the Addendum to the Note;

- $6,589.36 in late fees;

- $9,487.50 in attorneys' fees; and $1,339.20 in costs and expenses.

I further recommend that a default judgment should be entered against the Environmental Control Board foreclosing its interest in the premises. Finally, I recommend that plaintiff should be granted leave to seek the "anticipated" attorneys' fees regarding the fees for publication, appearance at the foreclosure sale and preparation of the referee's deed and supporting documentation after they are incurred.

In the event this Report and Recommendation is adopted, plaintiff shall file a revised Order of Judgment and Foreclosure reflecting the amounts recommended herein within fourteen (14) days.[3] Plaintiff is hereby ordered to serve a copy of this Report upon the New York City Environmental Control Board and shall electronically file proof of service forthwith.

### FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: November 12, 2013
　　　　Brooklyn, New York

---

[3] All references to Judge Go should be corrected.