UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EASTERN SAVINGS BANK, FSB,

                      Plaintiff,              **MEMORANDUM &**
                                                **ORDER**

   -against-
                                            11-cv-1543 (ENV) (LB)

PETER K. STREZ, CATHERINE A. STREZ
A/K/A CATHERINE A KELLEY, CITY OF
NEW YORK ENVIRONMENTAL CONTROL
BOARD and "JOHN DOE #1through JOHN
DOE #12", the last twelve names being fictitious
and unknown to plaintiff, the
persons or parties intended being the tenants,
occupants, persons or corporations, if any,
having or claiming interest upon the premises
described in the Complaint,

                      Defendants.
------------------------------------------------------------X

VITALIANO, D.J.

      Plaintiff Eastern Savings Bank, FSB ("Eastern") brought this diversity action against defendants Peter Strez, Catherine Strez a/k/a Catherine Kelley, the City of New York Environmental Control Board ("ECB") and 12 John Doe defendants to foreclose its lien on the Strezes' home located at 105-07 72nd Avenue, Forest Hills, NY 11375 (the "premises").  By Order dated July 22, 2013, this Court granted summary judgment in favor of Eastern, and granted Eastern's motion to dismiss the 12 John Doe defendants and hold the ECB in default.  This Court referred the matter to Magistrate Judge Bloom in accordance with 28 U.S.C. § 636(b) to

determine the amount of the judgment to be entered on behalf of the plaintiffs.[1] (Dkt. No. 41.) Judge Bloom's Report and Recommendation on damages (the "R&R") issued on November 12, 2013, with objections due by November 27, 2013. No objections have been filed.

In reviewing a report and recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Further, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). Where, as here, no timely objection has been made, the "district court need only satisfy itself that there is no clear error on the face of the record" to accept a magistrate judge's report and recommendation. *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

With no objections having been filed, after careful review of the record, the Court finds the R&R to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts the R&R in its entirety as the opinion of the Court.

## Conclusion

In line with the foregoing, judgment shall enter in favor of plaintiff and against the Strezes in the amount of $587,615.47, representing $400,000.00 for the

---

[1] The matter was originally referred to Judge Go in error. (*See* Dkt. entry dated August 1, 2013.)

2

principal amount due on the mortgage note; $170,199.41 for accrued interest calculated through August 5, 2013, at the rates specified in the Addendum to the mortgage note; $6,589.36 in late fees; $9,487.50 in attorneys' fees; and $1,339.20 in costs and expenses. Additionally, default judgment should be entered against the ECB foreclosing its interest in the premises. Finally, plaintiff's request for anticipated attorneys' fees is denied, but plaintiff is granted leave to file a motion to amend the judgment to seek additional attorneys' fees after they are incurred, in connection with publication, appearance at the foreclosure sale and preparation of the referee's deed and supporting documentation.

The Clerk of Court is directed to enter judgment and to close this case for administrative purposes.

SO ORDERED.

Dated: Brooklyn, New York
December 16, 2013

_/s/ Eric N. Vitaliano_
ERIC N. VITALIANO
United States District Judge